# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL BLANCHER, | ) | |
| *also known as* Nathaniel David | ) | |
| Blancher, | ) | |
| BOP Reg. No. 17190-003, | ) | |
| Movant, | ) | |
| | ) | **CIVIL ACTION NO. 1:22-00457-JB-N** |
| v. | ) | |
| | ) | **CRIMINAL ACTION NO. 1:21-00104-JB-N** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

**NATHANIEL BLANCHER**, a federal prisoner proceeding without counsel (*pro se*), has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 dated November 4, 2022 (Doc. 50),[1] seeking relief from the judgment entered against him in the above-numbered criminal action. The assigned District Judge has referred Blancher's § 2255 motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Rule 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/14/2022 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to

---

[1] All "Doc." citations herein refer to the docket of the above-numbered criminal action. The companion civil action has been opened for administrative and statistical purposes only, and does not contain or receive any filings.

appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2255 Proceedings.

Upon initial consideration of the § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned finds that it plainly appears from the motion and the record of prior proceedings that Blancher is not entitled to relief on any claim, and that his motion is therefore due to be **DENIED** and **DISMISSED with prejudice**.

## I.   *Procedural Background*

On June 24, 2021, the grand jury for this judicial district returned a four-count indictment (Doc. 4) charging Blancher as follows:

- <u>Count ONE</u>: transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a).

- <u>Count TWO</u>: committing the crime charged in Count One while being required by law to register as a sex offender, in violation of 18 U.S.C. § 2260A.

- <u>Count THREE</u>: travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

- <u>Count FOUR</u>: committing the crime charged in Count Three while being required by law to register as a sex offender, in violation of 18 U.S.C. § 2260A.

On June 30, 2021, Blancher was arraigned on the indictment and pleaded not guilty to all charges. (*See* Doc. 12, PageID.25). However, on October 28, 2021, Blancher changed his plea and entered a plea of guilty to all four counts, pursuant to a written plea agreement with the Government. (*See* Docs. 37, 38). On January 31,

2022, the Court sentenced Blancher to a total of 480 months' imprisonment, consisting of (1) terms of 240 months as to each of Counts One and Three, to run concurrently with each other, and (2) terms of 120 months as to each of Counts Two and Four, to run consecutive to each other and the terms imposed for Counts One and Three. (*See* Doc. 48, PageID.197-198). This term of imprisonment would be followed by concurrent terms of 25 years of supervised release as to each of the four counts. (*See id.*, PageID.199). The Court also imposed various monetary assessments. (*See id.*, PageID.201). Written judgment setting out the sentence was entered on February 8, 2022 (*see* Doc. 46), and was subsequently amended on March 10, 2022. (*See* Doc. 48). No party directly appealed the judgment within the time permitted by law. Blancher subsequently filed the present § 2255 motion in November 2022.

## II.   *Legal Standards*

### a.   **General Standards of Review under § 2255**

Title 28 U.S.C. § 2255 "permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam)

(citing *Frady*, 456 U.S. at 165 (collecting cases)). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232 (internal citations, quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron*[ *v. United States*], 291 F.3d [708,] 715[ (11th Cir. 2002)] (quoting *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes,* 876 F.2d at 1553 (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979)); *see, e.g., Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the ... affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted). *Accord Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).  In making this determination, a court must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

### b.      Effect of Guilty Plea

The " 'concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.' " *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604140 L. Ed. 2d 828 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979)). " 'A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.' " *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam)). *See also, e.g.*, *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("'A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant.'" (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam)); *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (" 'Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction.' " (quoting *United States v. Bonilla,* 579 F.3d 1233, 1240 (11th Cir. 2009)). Stated differently, "a voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984). Therefore, when, as here, a § 2255 motion is filed collaterally challenging convictions obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v.*

*Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). *See also Bousley*, 523 U.S. at 618 ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).

### c.    Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id.* at 504. *See also United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually be raised in a motion under 28 U.S.C. § 2255." (citing *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010))). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687-88, 694).

" 'Conclusory allegations of ineffective assistance are insufficient.' " *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted). *See also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one."); *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."). "The *Strickland* test is not easily met; … 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.[]' " *Johnson*, 256 F.3d at 1176 (quoting *Waters v. Thomas,* 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (citation omitted))).

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required." *Waters*, 46 F.3d at 1518. *Accord, e.g.*, *Burt v. Titlow*, 571 U.S. 12, 24, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance…"). "A lawyer can almost always do something more in every case. But

the Constitution requires a good deal less than maximum performance." *Atkins v.*

*Singletary*, 965 F.2d 952, 960 (11th Cir. 1992).

> In evaluating the first, or "performance," prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." [*Strickland*, 466 U.S.] at 689, 104 S. Ct. at 2065. Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that ... the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted). A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S. Ct. at 2066. Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence,"…in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

> Under the second, or "prejudice," prong of *Strickland*, a petitioner must "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." 466 U.S. at 693, 104 S. Ct. at 2067. This requires a showing of more than "some conceivable effect on the outcome of the proceeding." *Id.* Instead, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Although this standard is difficult to meet, it is significant that a petitioner must show only a reasonable probability that the outcome would have been different; he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S. Ct. at 2068. When evaluating this probability, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S. Ct. at 2069.

*Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002). "The reasonableness of

counsel's performance is to be evaluated from counsel's perspective at the time of the

alleged error and in light of all the circumstances. In making the competency determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citing *Strickland*, 466 U.S. at 689-91) (citations and quotations omitted).

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980) (quoting *McMann*[ *v. Richardson*], 397 U.S. [759,] 770, 90 S. Ct. [1441,] 1448[ (1970)]). The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Slicker v. Dugger*, 878 F.2d 1380, 1381 n.1 (11th Cir. 1989) (per curiam); *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989); *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam)…
>
> …
>
> …*Hill* clarified the *Strickland* second or "prejudice" requirement in the context of guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370; *Tahamtani v. Lankford*, 846 F.2d 712, 714 (11th Cir. 1988) (per curiam); *see Long v. United States*, 883 F.2d 966, 968 n.4 (11th Cir. 1989) (per curiam); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988); *see also Holmes*, 876 F.2d at 1553, *Slicker v. Wainwright*, 809 F.2d 768, 770 (11th Cir. 1987) (These cases were remanded to the district court to determine if accurate, rather than incorrect, information by the defense counsel as to the length of sentence would have changed the defendant's plea.); *cf. Betancourt v. Willis*, 814 F.2d 1546, 1549 (11th Cir. 1987) (This court affirmed the district court's granting a habeas corpus petition based upon its conclusion that petitioner's plea was not voluntary and that his counsel provided ineffective assistance because the evidence was "uncontroverted that petitioner was completely unaware of the ultimate consequences of his

plea because his counsel misrepresented the existence of a sentence reduction agreement."). The *Hill* court explained the prejudice requirement with specific regard to a defense counsel's alleged failure to investigate potentially exculpatory evidence:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370; *McCoy*, 804 F.2d at 1198–99.

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); *see Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."), *cert. denied*, 469 U.S. 837, 105 S. Ct. 134, 83 L. Ed. 2d 74 (1984). The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions" in his counsel's advice regarding the plea. *McMann*, 397 U.S. at 774, 90 S. Ct. at 1450; *Tollett*[ *v. Henderson*], 411 U.S. [258,] 267, 93 S. Ct. [1602,] 1608[ (1973)]; *see Hill*, 474 U.S. at 56, 106 S. Ct. at 369 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). Without "reasonably effective assistance of counsel in connection with the decision to plead guilty," a defendant cannot enter a knowing and voluntary plea because the plea does not represent an informed choice. *McCoy*, 804 F.2d at 1198; *Scott*[ *v. Wainwright*], 698 F.2d [427,] 429[ (11th Cir. 1983)]. Based upon his familiarity with the facts and law, defense counsel must advise the defendant. *Scott*, 698 F.2d at 429. "Counsel's advice need not be errorless, and need not involve every

conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants." *Id.* (emphasis added); *see McMann*, 397 U.S. at 771, 90 S. Ct. at 1449; *Long*, 883 F.2d at 969.

The Supreme Court has recognized that the decision to plead guilty may occur without all of the state's evidence and necessarily takes place without knowledge of all facts revealed by witnesses at trial. *McMann*, 397 U.S. at 769–70, 90 S. Ct. at 1448. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam); *Downs–Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. *Tafero*, 796 F.2d at 1320; *Thompson v. Wainwright*, 787 F.2d 1447, 1451 (11th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S. Ct. 1986, 95 L. Ed. 2d 825 (1987)…

*Stano v. Dugger*, 921 F.2d 1125, 1149-51 (11th Cir. 1991) (en banc) (footnote omitted).[2] In claiming prejudice under *Strickland* and *Hill*, "[a] movant must [also]

---

[2] *Accord, e.g., Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993) ("The Supreme Court has held 'that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.' *Hill*, 474 U.S. at 58, 106 S. Ct. at 370. Under the *Strickland* test, Garrett initially must show 'that counsel's representation fell below an objective standard of reasonableness.' *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). While it need not be errorless, counsel's advice '*must be within the realm of competence demanded of attorneys representing criminal defendants.' Stano*, 921 F.2d at 1151. Providing meaningful advice on the options available to a defendant obligates counsel 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. *Hill* modified the second part of the *Strickland* test in the context of a guilty plea. Garrett 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' 474 U.S. at 59, 106 S. Ct. at 370.").

allege facts that would prove that a decision not to plead guilty 'would have been rational under the circumstances.'" *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)).

## III.   *Analysis*

Blancher's present § 2255 motion raises four grounds for relief, each claiming some manner of ineffective assistance of counsel. The current record conclusively shows that Blancher is due no relief on any.

### a.  Ground One—Length of Sentence

In Ground One of his motion, Blancher alleges as follows:

> Mr. Blancher was told by counsel…that—by agreeing to enter into a plea agreement—his sentence would not exceed 30-years. Both the AUSA and the Mobile County (State of Alabama) prosecutor agreed that 30-years was a reasonable sentence; with the State agreeing to match the 30-years to run concurrent with a 30-year federal sentence. Mr. Blancher, however, was ultimately sentenced to 40-years respectively. The additional 10-years at issue here stems from Count 4 in violation of 18 U.S.C. § 2260A. Count 4 mirrors Count 2, which counsel for Mr. Blancher had explained could "not be doubled" in Mr. Blancher's actual sentence; rather, that it would only be counted "toward the total offense level." This made sense to Mr. Blancher, since he understood that multiple punishments for being a registered sex offender was contrary to the Constitution's Fifth Amendment. Notably, there was nothing extraordinary about the plea colloquy that cured counsel's misadvise regarding stacked penalty statute, and that it would be added **twice** to the 20-year sentence on Counts 1 and 3.

> But for counsel's misadvise, Mr. Blancher would have either, e.g., sought a binding plea; entered a plea of nolo contendere to preserve the matter for appellate review; or insisted on going to trial given that any sentence over 30-years (which all parties agreed to—including the State) would

have (and did) effectively become a death-by-incarceration sentence, or near thereto.

(Doc. 50, PageID.207, 216).

These allegations are affirmatively contradicted by the terms of Blancher's written plea agreement (Doc. 37). In the section headed "Penalty," the plea agreement expressly advised that Blancher faced a "[m]andatory minimum of 10 years imprisonment" as to Count One,[3] and a "[m]andatory minimum of 10 years imprisonment, to be served consecutively to all other counts[,]" for both Count Two and Count Four. (*Id.*, PageID.65-67).[4] No mandatory minimum was noted for Count

---

[3] This is consistent with the terms of the statute charged in Count One. *See* 18 U.S.C. § 2423(a) ("A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.").

[4]      The plea agreement does not appear to accurately describe the penalty provision of 18 U.S.C. § 2260A, the offense charged in Counts Two and Four, by stating that the sentences for those counts must each be served "consecutively to all other counts." Section 2260A states: "Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision." Thus, the plain language of § 2260A mandates that the 10 years be served consecutive only to the sentence for the predicate offense, and not to the sentence for any other offense of which the defendant was also convicted. *See United States v. Roscoe*, 853 F. App'x 479, 483 (11th Cir. 2021) (per curiam) (unpublished) ("Under § 2260A, if a defendant commits a specified felony offense involving a minor while he is under a federal or state requirement to register as a sex offender, he must be sentenced to a ten-year sentence that 'shall be consecutive' to *any sentence imposed for the underlying offense.* 18 U.S.C. § 2260A."). The offense in Count One was the predicate offense for Count Two, while the offense in Count Three

Three, for which the maximum penalty was "[u]p to 30 years imprisonment…" (*Id.*, PageID.66).[5]

---

was the predicate offense for Count Four. (*See* Doc. 4). Thus, § 2260A only required that the 10 years for Count Two be served consecutive to the Count One sentence, and that the 10 years for Count Four be served consecutive to the Count Three sentence. The Court chose to run the imprisonment sentences for Counts One and Three concurrent with one another, and nothing in § 2260A suggests that the Court could not also run the additional 10 years imprisonment added to those respective sentences by the § 2260A counts concurrent with each other, resulting in a total imprisonment term of 360 months rather than 480. *See United States v. Beck*, 957 F.3d 440, 449 (4th Cir. 2020) ("[O]ur reading of § 2260A's language is the same as the district court's: the statute mandates a ten-year sentence, which (1) must be consecutive to any sentence for a predicate offense and (2) *can be either consecutive or concurrent to a sentence for any other offense*, in keeping with the default rule that courts have discretion to make sentences consecutive or concurrent, 18 U.S.C. § 3584(a)." (emphasis added)). To the extent the plea agreement claims that § 2260A requires its 10-year sentence to be served consecutive to all other sentences imposed in a case, rather than just the sentence for the predicate offense, it is wrong.

Nevertheless, the Court had discretion to run the sentences for Counts Two and Four consecutive to one another, *see id.*; 18 U.S.C. § 3584(a)-(b) ("If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively…The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."), and Blancher has not argued that the Court erred in doing so. Rather, the gravamen of Ground One is that Blancher was allegedly induced to plead guilty by his counsel's incorrect assurances that he would not receive a sentence of more than 30 years imprisonment. Even if the plea agreement incorrectly described the mandatory penalties under § 2260A, the plea agreement sufficiently put Blancher on notice that he potentially faced an imprisonment sentence exceeding 30 years, contrary to his allegations that counsel advised him otherwise.

[5] This is consistent with the terms of the statute charged in Count Three. *See* 18 U.S.C. § 2423(b) ("A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, with a motivating

By explaining that Counts Two and Four each carried a mandatory minimum of 10 years imprisonment, and the sentences for each of those were "to be served consecutively to *all other counts*" (emphasis added), the plain terms of the plea agreement put Blancher on notice that he was guaranteed an additional 20 years imprisonment on top of whatever sentences he received on Counts One and Three, and affirmatively contradicts his allegations that his counsel misadvised him that the sentences for Counts Two and Four could not be "stacked" or "double counted." And contrary to Blancher's allegation that he was promised "his sentence would not exceed 30-years," the plea agreement expressly advised that "at least thirty (30) years imprisonment" was the absolute <u>minimum</u> he faced (*id.*, PageID.67)—that is, in the event the Court would have only imposed the 10-year mandatory minimums for Counts One, Two, and Four, with no addition term of imprisonment (or a sentence concurrent with Count One) imposed for Count Three. The plea agreement also advised Blancher that he could face "up to life imprisonment" on Count One, and "[u]p to 30 years imprisonment" on Count Three, making it clear that a sentence in excess of 30 years was quite possible. Further, by signing the plea agreement, Blancher agreed that "[t]here have been no promises from anyone as to the particular sentence that the Court will impose" (*id.*, PageID.65), that "[t]he Court will impose the sentence in this case[,]" that the plea agreement did "not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any

---

purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.").

particular guideline range, and…that determination of the sentencing range or guideline level, *or the actual sentence imposed*, is solely the discretion of the Court." (*Id.*, PageID.68 (emphasis added)). Therefore, Blancher's claim that his counsel's promise of a sentence of no more than 30 years imprisonment induced him to plead guilty is affirmatively contradicted by the terms of his plea agreement, and Ground One is due to be denied as meritless.

### b. Ground Two—Double Jeopardy

Blancher's second ground for relief is that his counsel was ineffective for failing to challenge his Count Four sentence as violating the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. However, Blancher has failed to show that such a challenge had a reasonable chance of success, so counsel was not ineffective for failing to raise it. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (counsel "is not ineffective for failing to raise claims reasonably considered to be without merit" (quotation omitted)); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (per curiam) ("Failing to make a meritless objection does not constitute deficient performance.").

"The Double Jeopardy Clause guarantees that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' " *United States v. Sanchez*, 30 F.4th 1063, 1077 (11th Cir.) (quoting U.S. Const. amend. V.), *cert. denied*, 143 S. Ct. 227 (2022). "The protections it affords include a prohibition against 'multiple punishments for the same offense.' " *Id.* (quoting *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009)). As Blancher sees it, because "Section 2260A contains

but two elements…, it is double jeopardy to twice punish a defendant required to register as a sex offender subsequently charged with violating multiple triggering statutes within section 2260A for a continuation of felony offenses involving a minor." (Doc. 50, PageID.216). At least one circuit court of appeals has agreed with Blancher that "§ 2260A's listed offenses represent alternative means of satisfying a single element." *United States v. Beck*, 957 F.3d 440, 448 (4th Cir. 2020). While the undersigned has not located any Supreme Court or circuit court of appeal case law directly addressing § 2260A in the double jeopardy context, Blancher's argument is similar to the one the Supreme Court addressed in *Braverman v. United States*, 317 U.S. 49, 63 S. Ct. 99, 87 L. Ed. 23 (1942).

"[I]n *Braverman* the Supreme Court held that where an indictment sets forth the illegal objects of a single conspiracy in several counts, only one sentence for a single conspiracy may be imposed." *United States v. Colson*, 662 F.2d 1389, 1392 (11th Cir. 1981). This is because "[t]he single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute…For such a violation only the single penalty prescribed by the statute can be imposed." *Braverman*, 317 U.S. at 54. *Accord Colson*, 662 F.2d at 1392 ("[A]lthough there was only one conspiracy, charging the conspiracy in two counts is appropriate where different statutory penalties are involved, provided the defendant receives only one sentence."). "A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreements to commit separate crimes constitute multiple conspiracies. When [defendants] plead[] guilty to two charges of conspiracy on the

explicit premise of two agreements which started at different times and embraced separate objectives, they concede[] guilt to two separate offenses." *Broce*, 488 U.S. at 570-71.[6]

Analogizing *Braverman*'s reasoning here, Blancher's two § 2260A punishments do not violate double jeopardy because they are based on separate offenses, as

---

[6] *See also Broce*, 488 U.S. at 570 ("Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes. The *Broce* indictments alleged two distinct agreements: the first, an agreement beginning in April 1978 to rig bids on one specified highway project, and the second, an agreement beginning 15 months later to rig bids on a different project. The Court of Appeals erred in concluding that because the indictments did not explicitly state that the conspiracies were separate, respondents did not concede their separate nature by pleading guilty to both. In a conspiracy charge, the term 'agreement' is all but synonymous with the conspiracy itself, and as such has great operative force."); *United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir. 1989) ("Where the gist of the crime is a conspiracy or an agreement to commit one or more unlawful acts proscribed by different statutes, but each count charges a violation of the same general conspiracy statute, and the proof reveals a single ongoing conspiratorial agreement, only a single penalty under that conspiracy statute can be imposed…This rule differs where the same agreement violates two separate statutes, each of which proscribes a discrete conspiracy."); *Fortner v. Sec'y, Dep't Of Corr.*, 315 F. App'x 853, 855–56 (11th Cir. 2009) (per curiam) (unpublished) ("We also find no merit in Fortner's argument that his two conspiracy convictions violated the Double Jeopardy Clause, under *Braverman*, because they were part of a single agreement … Unlike in *Braverman*-where the defendants entered into *one agreement* and were charged with seven different conspiracies for violating seven different internal revenue statutes,…the evidence at Fortner's trial demonstrated two *separate agreements* for the delivery and sale of cocaine. The first agreement was entered into on the morning of August 20, 1997, when Fortner and Tracy Gauthier sold John Carlson two ounces of cocaine, and was completed when Carlson paid Fortner $1,800 for those two ounces on the afternoon of August 20, 1997. The second agreement took place when Fortner and Gauthier agreed to purchase four additional ounces of cocaine for delivery and sale to Carlson on the afternoon of August 20, 1997. One agreement was for the purchase of two ounces of cocaine, and the second agreement was for the purchase of four ounces of cocaine. Because Fortner entered into two agreements rather than one, his case is distinguishable from *Braverman*…").

admitted by Blancher as part of his plea agreement. Specifically, in the factual resume included with the plea agreement (Doc. 37, PageID.74-77), Blancher admitted to facts showing  that he, on or about May 29, 2021, while being required to register as a sex offender based on a 2020 conviction, traveled to Louisville, Kentucky, picked up a minor, and transported her back to Mobile, Alabama, where he engaged in sexual acts with her. These facts support a conviction for transportation of a minor for criminal sexual activity as charged in Count One, which was the predicate offense for Count Two. Blancher also admitted in the factual resume that he "had previously traveled to Louisville approximately one month earlier, and [he and the minor] had engaged in sex acts at a hotel in Louisville." (*Id.*, PageID.76). This separate travel, occurring "approximately one month" before the May 29, 2021 travel, constitutes a separate occurrence supporting a conviction for travel with intent to engage in illicit sexual conduct under Count Three, which was the predicate offense for Count Four.[7] Because the record shows that the punishments imposed for Counts Two and Four were based on separate occurrences, there was no double jeopardy violation for counsel to raise. *Cf. United States v. Isaac*, 987 F.3d 980, 994 (11th Cir. 2021) ("Isaac stipulated to producing child pornography of the victim on both February 22 and 24.

---

[7] While the indictment alleged that all illegal conduct occurred  "[o]n or about May 29, 2021," "time is not an essential element of the offense, so long as the government establishes that the conduct occurred reasonably near the date that the indictment mentions." *United States v. Pope*, 132 F.3d 684, 688–89 (11th Cir. 1998). *See also United States v. Champion*, 813 F.2d 1154, 1168 (11th Cir. 1987) ("When the prosecution uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient."). Thus, the Government was not precluded from using the earlier incident to support convictions under Counts Three and Four.

The production of child pornography occurred on two different days and was not continuous. The production on February 22 was separated from the production on February 24 by other events. Two separate occasions is a pattern under [U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5(b)(1)]. The district court did not err in applying the two enhancements."). Accordingly, Ground Two is due to be denied as meritless.

### c.      Ground Three—Vagueness

Blancher next argues his counsel was ineffective for failing to challenge § 2260A as unconstitutionally vague regarding whether it would subject a sex offender to multiple punishments.

> The Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." [T]he Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357–358, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process." *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926). These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences. *United States v. Batchelder,* 442 U.S. 114, 123, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979).

*Johnson v. United States*, 576 U.S. 591, 595-96, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). "There is a strong presumption that statutes passed by Congress are valid[,]" *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010), and Blancher's vagueness argument is far from convincing. Section 2260A plainly states that, if a sex offender commits any of the 16 listed predicate offenses, the offender "shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment

imposed for the offense under *that* provision[,]" and the 10 years "shall be consecutive to any sentence imposed for the offense under *that* provision" (emphasis added). Thus, the statute sufficiently puts a sex offender on notice that, if the offender commits multiple predicate offenses, the sentence he receives for <u>each</u> predicate offense is subject to having 10 years added under § 2260A. *See United States v. Carver*, 422 F. App'x 796, 801 (11th Cir. 2011) (per curiam) (unpublished) ("The unambiguous language of [§ 2260A] provided Carver with clear notice that, during the time that Florida required him to register as a sex offender, he would be subject to enhanced penalties for additional sex crimes. A person of ordinary intelligence would understand that an offense is committed when (1) he commits a specified federal offense involving a minor while (2) being required to register as a sex offender by Federal or state law. Likewise, the statute provided clear guidelines to law enforcement. Accordingly, we do not find the statute impermissibly vague, and we reject Carver's vagueness challenge."). Because there was no reasonable probability that Blancher's vagueness argument would have succeeded, counsel was not ineffective for failing to raise it, and Ground Three is due to be denied as meritless.

### d.   Ground Four—Equal Protection

Blancher's final ground for relief is that counsel was ineffective for failing to raise an equal protection argument that "multiple enhanced penalties for more than one federal offense charged in one indictment stemming from one series of events evolving the same minor, excessively criminalizes and punishes the status of being a sex offender." (Doc. 50, PageID.216). However, the Eleventh Circuit has previously

rejected arguments that § 2260A impermissibly criminalizes status or otherwise violates the Constitution's equal protection guarantees. *See Carver*, 422 F. App'x at 801-02 ("Congress had a rational basis for enacting § 2260A, as it protects the public by imposing additional punishment on recidivist sex offenders. Moreover, the enhancement depends on a bright-line categorization—whether a state or the federal government requires a person to register as a sex offender—thereby putting registrants on notice that if they are later convicted for an enumerated federal offense, then they will have enhanced penalties. We therefore find that § 2260A does not violate Carver's due process and equal protection rights under the Fifth and Fourteenth Amendments. [Additionally,] § 2260A does not criminalize the status of being a sex offender. Like other recidivist statutes, § 2260A enhances the punishment for enumerated federal substantive offenses and does not apply to anyone who has not committed any such offenses."). While *Carver* is unpublished and therefore not binding precedent, it can still be considered as persuasive authority, *see* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority."), and Blancher has presented no argument or authority that undermines *Carver*'s reasoning. As a reasonable attorney could have chosen to forego the equal protection arguments Blancher makes here in light of *Carver*, his counsel was not ineffective for failing to make them, and Ground Four is due to be denied as meritless.

In sum, Blancher's claim that he was misadvised regarding the potential length of his sentence is affirmatively contradicted by the record, and he has failed to show that any of the arguments he asserts his counsel should have raised stood a reasonable chance of success. Accordingly, Blancher's § 2255 motion is due to be **DENIED** as meritless and **DISMISSED with prejudice**.

### e.      Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). In all cases, "[a] certificate of

appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned finds that Blancher should be **GRANTED** a Certificate of Appealability as to his claim asserted in Ground One. Blancher has alleged sufficient facts in support of this ground making a substantial showing that counsel rendered unconstitutionally ineffective assistance under the Sixth Amendment by erroneously advising him that he would not be sentenced to more than 30 years imprisonment if he agreed to plead guilty to all counts. Moreover, jurists of reason would find it debatable whether the Court was correct in dismissing this ground as meritless without ordering a response from the Government or holding an evidentiary hearing. However, Blancher should be **DENIED** a Certificate of Appealability as to all other grounds, as he has failed to make a substantial showing of the denial of a constitutional right under any of those grounds, and jurists of reason would not find it debatable whether the Court is correct in finding those grounds meritless.[8]

---

[8]     Rule 11(a) of the Rules Governing Section 2255 Proceedings further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation regarding the issuance of a certificate of appealability, the objecting party may bring

## IV.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Blancher's § 2255 motion dated November 4, 2022 (Doc. 50), be **DENIED** and **DISMISSED with prejudice** under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and that judgment be accordingly set out by separate document under Federal Rule of Civil Procedure 58.[9] The undersigned further **RECOMMENDS** that Blancher be **GRANTED** a Certificate of Appealability on the following issue only: Whether the Court correctly dismissed, under Rule 4 of the Rules Governing Section 2255 Proceedings without ordering a response from the Government or holding an evidentiary hearing, Blancher's claim that his counsel rendered unconstitutionally ineffective assistance by assuring him that he would not be sentenced to more than 30 years imprisonment if he pled guilty to all counts of the indictment.

---

this argument to the attention of the district judge in the objections permitted to this report and recommendation, *see infra*.

　　Should the Court ultimately deny a certificate of appealability as to some or all grounds for relief, the movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[9] *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure…, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."); *Sassoon v. United States*, 549 F.2d 983 (5th Cir. 1977) (applying Rule 58's separate-document requirement in a § 2255 proceeding); United States v. Hassebrock, 21 F.4th 494, 497 (7th Cir. 2021) (in holding that Rule 58 applied to *coram nobis* proceedings, noting that "[m]any [other] circuits have applied Rule 58 to § 2255 motions").

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **27th** day of **December 2023**.

*/s/ Katherine P. Nelson*

**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**